# AGREEMENT

This Agreement is entered into between, on the one hand, BROOKLYN PIZZERIA, INC. ("Brooklyn Pizzeria"), and on the other hand, DUMBO RESTAURANT CORP. ("Dumbo" or the "Debtor"), by and through DEBRA KRAMER, the interim Chapter 7 Trustee of the estate of Dumbo (the "Trustee") duly appointed by the Office of the United States Trustee, effective as provided herein:

WHEREAS, Brooklyn Pizzeria, as sub-landlord, and Debtor, as sub-tenant, were parties to a certain nonresidential Commercial Triple Net Sub-Lease Agreement, dated October 8, 2017 (the "Sub-Lease"), which Lease was a Sub-Lease to the original lease agreement (the "Original Lease"), dated December 15, 2016, between 27 Old Fulton Street, LLC, as landlord, and Brooklyn Pizzeria as tenant, for the premises located at 1 Front Street (aka 25 Cadman Plaza West) in Brooklyn, New York, (the "Premises");

WHEREAS, Brooklyn Pizzeria represents and acknowledges that it is not holding and never has held any security deposit on behalf of the Debtor in connection with the Sub-Lease ;

WHEREAS, the Debtor operated a restaurant from the Premises;

WHEREAS, due to the Debtor's default under the Sub-Lease, on or about June 12, 2018, Brooklyn Pizzeria commenced a holdover proceeding in New York state court to retake possession of the Premises (the "Holdover Proceeding"). A true and correct copy of the petition in that case, captioned *Brooklyn Pizzeria, Inc. v. Dumbo Restaurant Corp., Frank Ciolli, John Doe, Jane Doe*, No. LT-070872-18/KI, is attached hereto as Exhibit "A";

WHEREAS, after settlement discussions, the Debtor and Brooklyn Pizzeria resolved the Holdover Proceeding, and on August 3, 2018, entered into a stipulation of settlement (the "Holdover Stipulation"). A true and correct copy of the Holdover Stipulation is annexed hereto as Exhibit "B";

WHEREAS, under the terms of the Holdover Stipulation, the Debtor, among other things, agreed and acknowledged that the Sub-Lease was terminated on May 23, 2018 by virtue of a valid termination notice, and was required to timely complete certain conditions (the "Holdover Settlement Conditions") in order to reinstate the Lease;

WHEREAS, the Debtor failed to satisfy the Holdover Settlement Conditions, and on or about September 4, 2018, Brooklyn Pizzeria filed an Affirmation of Default (the "Affirmation") in the Holdover Proceeding and asked the state court to enter a judgment of possession in Brooklyn Pizzeria's favor. A true and correct copy of the Affirmation is annexed hereto as Exhibit "C";

WHEREAS, on September 21, 2018, the state court entered a Judgment of Possession awarding possession of the Premises to Brooklyn Pizzeria (the "Judgment of Possession"). A true and correct copy of the Judgment of Possession is annexed hereto; Exhibit "D";

WHEREAS, on October 3, 2018, the New York State Supreme Court issued a Warrant of Eviction against the Debtor in favor of Brooklyn Pizzeria (the "Warrant"). A true and correct copy of the Warrant is annexed hereto; Exhibit "E"[1];

WHEREAS, on October 30, 2018, prior to execution of the Warrant, the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York styled *In re Dumbo Restaurant Corp.*, No. 18-46265 (Bankr. E.D.N.Y) (NHL) (the "Bankruptcy")[2];

WHEREAS, on January 10, 2019, the Bankruptcy Court orally granted the motion of the United States Trustee to convert the Debtor's Chapter 11 bankruptcy case to one under Chapter 7 of the Bankruptcy Code, but stayed entry of any Order until after the Chapter 7 Trustee appointed by the Office of the United States Trustee has, among other things, performed an inventory of the Premises; and

WHEREAS, on January 14, 2019, the Trustee was duly appointed as the interim chapter 7 trustee and, on that same day, took possession of the Premises, closed the restaurant, and performed an inventory on the personal property therein;

Now, therefore, the parties to this Agreement agree as follows:

1. The foregoing recitals are incorporated herein and shall constitute a part of this Agreement;

2. This Agreement is subject to the entry of an Order of the Bankruptcy Court approving this Agreement (the "Approval Order"). If the Bankruptcy Court declines to enter the Approval Order then the Trustee will promptly return any sums paid under this Agreement, without interest, and this Agreement will be null and void and of no force and effect and nothing contained in this Agreement will be deemed an admission or waiver of the rights of either the Trustee, the Debtor's estate, or Brooklyn Pizzeria, and this Agreement shall not be admissible in any subsequent proceeding;

3. Brooklyn Pizzeria agrees to purchase all the perishable goods found on the Premises for the sum of $5,000 (the "Perishable Purchase Price"), and such amount shall be paid to the Trustee by check made payable to "Debra Kramer, Interim Chapter 7 Trustee";

4. Brooklyn Pizzeria agrees to pay to the Trustee the sum of $5,000 by check payable to "Debra Kramer, Interim Chapter 7 Trustee" to reimburse the Debtor's estate for the costs and expenses incurred by the Trustee and her proposed professional in connection with, among other things, securing the Premises and certain property of the Debtor, as

---

[1] Based upon representations made by counsel to Brooklyn Pizzeria, it is the Trustee's understanding that the Warrant has been issued but a copy of the Warrant cannot be provided at this time. The Trustee further understands that once the Warrant is served, the Trustee will be provided with a copy of the Warrant. (See the Affirmation of Eugene R. Licker, Esq., annexed hereto as Exhibit "E".)

[2] It appears that the Debtor's name is erroneously reflected on its bankruptcy petition as Dumbo Restaurant Corp., LLC.

well as performing an inventory of the Premises, (the "Administrative Expense Reimbursement");

5. The Perishable Purchase Price and the Administrative Expense Reimbursement shall be paid to the Trustee immediately upon the Trustee's deliver of possession of the Premises to Brooklyn Pizzeria;

6. Brooklyn Pizzeria agrees to purchase any other personal property owned by the Debtor found on the Premises (the "Additional Personal Property") for fair market value, up to and not exceeding an aggregate total of $25,000, however, the Trustee shall not be obligated to sell such property to Brooklyn Pizzeria and reserves any rights with respect thereto;

7. Brooklyn Pizzeria agrees that it shall put forth all reasonable efforts to preserve and safeguard the Additional Personal Property until such time as the Trustee administers the Additional Personal Property, which may include but is not be limited to, the sale to Brooklyn Pizzeria;

8. The Trustee acknowledges that she has no objection to the Bankruptcy Court's entry of an Order lifting the automatic stay with respect to Brooklyn Pizzeria's eviction proceedings against the Debtor;

9. In the event that a judicial challenge is interposed against the Trustee with regard to the terms of this Agreement, Brooklyn Pizzeria agrees to cooperate with the Trustee in the conduct of the defense of that challenge;

10. Brooklyn Pizza agrees to, and hereby does, waive any and all administrative claims it may have against the Debtor's bankruptcy estate;

11. The Trustee agrees to deliver possession of the Premises to Brooklyn Pizzeria no later than two (2) business days after the execution of this Agreement and Brooklyn Pizzeria agrees to accept such possession as of that same date;

12. Except as explicitly set forth above, nothing herein is intended as or should be construed as a waiver of any right of either party;

13. This Agreement may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures in portable document format (.pdf) are deemed originals for purposes of this Agreement;

14. The Parties (i) irrevocably consent to the Court's jurisdiction with respect to any action to approve and enforce the terms of this Agreement, and (ii) expressly waive the right to commence any action in any other forum or to contest the Court's jurisdiction;

15. This Agreement may not be altered, modified, or changed unless in writing, signed by the Parties (or their counsel) and subject to appropriate order of the Court;

16. This Agreement shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable without regard to any conflicts of law principles;

IN WITNESS WHEREOF, each of the parties (or their counsel) hereto has executed this Agreement on the dates indicated below

Dated: New York, New York.
     January ___, 2019

BALLARD SPAHR LLP
*Attorneys for Brooklyn Pizzeria, Inc.*

By: _____
    Eugene R. Licker
1675 Broadway 19th Floor
New York, NY 10019
(646) 346-8075
SlaughterJ@ballardspahr.com

Dated: Jericho, New York
    January 22, 2019

SILVERMANACAMPORA LLP
*Attorneys for Debra Kramer,*
   *Interim Chapter 7 Trustee*

By: _____
    Justin S. Krell
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                          :    Chapter 7
                                                :
    Dumbo Restaurant Corp., LLC,                :    CASE NO. 1-18-46265-NHL
                                                :
                        Debtor.                 :
                                                :
                                                :
——————————————————————————————  :

### AFFIRMATION OF EUGENE R. LICKER

I, Eugene R. Licker, an attorney admitted to practice before the Courts of the State of New York,

hereby affirm under penalty of perjury as follows:

1.      I am of counsel to Ballard Spahr LLP, counsel to Brooklyn Pizzeria Inc. in several

actions.  I submit this affirmation, based on a review of our client's files, conversations with

colleagues at Ballard Spahr, and conversations with the NYC Office of the Sheriff, Law

Enforcement Bureau.

2.      I understand that the Interim Chapter 7 Trustee ("Trustee") in the above-

referenced bankruptcy is relying on the truth and accuracy of this affirmation.

3.      Brooklyn Pizzeria Inc. has agreed in principal with the Trustee with regard to

certain matters concerning the conduct of the business of the Debtor at 1 Front Street, Brooklyn,

New York (the "Premises").  Brooklyn Pizzeria was the sub-landlord, and Debtor was the sub-

tenant, pursuant to a certain nonresidential Commercial Triple Net Sub-Lease Agreement, dated

October 8, 2017 (the "Sub-Lease"), of the Premises.  Upon Debtor's default under the Sub-

Lease, Brooklyn, on October 3, 2018, the New York State Supreme Court issued a Warrant of

Eviction against the Debtor in favor of Brooklyn Pizzeria (the "Warrant").

4.      In drafting the agreement referred to immediately above, the parties desired to

append a copy of the Warrant to the agreement to document its existence.  I have been informed,

however, by the NYC Office of the Sheriff, Law Enforcement Bureau (718.488.3545; Sheriff

Case # 18040465) that it will not provide copies of any warrants of eviction. For that reason, my

office does not have a copy and we cannot obtain a copy to append to the agreement.

   5.  I have confirmed, through discussions with my colleagues who obtained the

Warrant and with the Office of the Sheriff, that the Warrant has in fact been issued.

Furthermore, the Office of the Sheriff issued a so-called Five-Day Eviction Notice, copy

attached, that recites the fact of the issuance of the Warrant. Once again, I have confirmed that

fact with the Office of the Sheriff.

   6.  Once the Warrant is served, presumably we will then be able to obtain a copy and

attach it as an exhibit to our agreement.

   7.  Based on the above, I am sure that the Warrant has been issued and, thus, have

provided this affirmation upon which the Trustee can rely.


I affirm under penalties of perjury under the laws of New York and the United States of America

that the foregoing is true and correct to the best of my knowledge.


Dated: New York, New York
January 22, 2019

              Eugene R. Licker
              Ballard Spahr LLP
              1675 Broadway, 19th Floor
              New York, NY 10019
              Telephone: 646.346.8074
              LickerE@ballardspahr.com
              *Attorneys for Discover Bank*

JSK/2258015.1/067525